FILED
SUPERIOR COURT
OF GUAM

2020 DEC 22 PM 6: 13

CLERK OF COURT
BY:_____

**IN THE SUPERIOR COURT OF GUAM**

|  |  |  |
|---|---|---|
| PEOPLE OF GUAM , | ) | CRIMINAL CASE NO.: CM0094-20 |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **DECISION AND ORDER:** |
| FRANCIS FRANK HENNEGAN, | ) | **Defendant's Motion to Dismiss** |
|  | ) | **On *De Minimis* Grounds** |
| Defendant. | ) |  |

## I.      INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon on June 19, 2020 as a Motion Hearing for Defendant Francis Frank Hennegan's ("Defendant") Motion to Dismiss the matter under 9 GCA § 7.67. Defendant was represented by Assistant Public Defender Zachary C. Taimanglo. Assistant Attorneys General Alysa Draper-Dehart and Carol Hinkle Sanchez represent the People of Guam (the "People"). All parties were present at the hearing via Zoom platform.

After reviewing the Parties' written briefs and the record on file with the court, the arguments presented at the Motion Hearing, and the applicable statutes and case law, the court now issues this Decision and Order ruling on the Motion and GRANTING DEFENDANT'S MOTION TO DISMISS, for the reasons specific to the Motion and as memorialized herein.

## II.    BACKGROUND

Defendant was arrested on February 24, 2020. Defendant was accused of:

1.  Retail Theft (as a Misdemeanor); and
2.  Resisting Arrest (as a Misdemeanor).

The accusations stem from an incident in which Defendant was alleged to have taken a bottle of Michael Kors Twilight Shimmer perfume and then, upon apprehension by the Guam Police Department ("GPD"), "tensing up" and becoming uncooperative while handcuffs were being placed on him. *See Mot. to Dismiss* at p. 1. (Apr. 17, 2020); *Magistrate's Compl.* (Feb. 25, 2020). Defendant has a history of mental illness the state of which has been placed at issue and is detailed in CM0470-15, CM0137-17, CF0638-18, CM0018-19, and CM0401-19. *Mot.* at p. 2.

## III.    LAW AND ANALYSIS

The Defendant moves to dismiss the action based on *de minimus* grounds. Guam Law provides:

> The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct:
> (a) Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;
> (b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of the conviction; or
> (c) Presents such other extenuations that it cannot be reasonably be regarded as envisaged by the Legislature in forbidding the offense. The court shall not dismiss a prosecution under this subsection without filing a written statement of its reasons.

9 GCA § 7.67.

In analyzing the statute, the Guam Supreme Court has noted that the crucial inquiry for the trial court in determining whether to dismiss on *de minimus* grounds is: "the risk of harm to which society is exposed by defendant's conduct." *People v. Perez*, 2004 Guam 4, ¶ 12.

Additionally, the Guam Supreme Court stated that a dismissal based on the *de minimus* statute is proper where even if guilt were proven, a "conviction would be inappropriate, and ... authorizes the trial court to mitigate the general provisions of the criminal law to prevent absurd applications." *Id.* At 4, ¶ 10.

Here, during the hearing regarding this matter on June 19, 2020, the People did not dispute the mental status of the Defendant. The Defendant also was alleged to have taken only one bottle of perfume that was recovered and in evidence. *Hr'g* at 10:09:31 AM. Further, the Defendant was detained beginning on February 25, 2020 until June for four months. *Hr'g* at 10:14:00 AM. Considering the record, the charges alleged, the nature of the circumstances surrounding the Defendant's actions on February 24, 2020 including the uncontested mental health of the Defendant, and the Defendant's detainment after arrest by court order in the Guam Behavioral Health Facility, the court finds for the Defendant on the Motion to Dismiss under the *de minimus* statute, 9 GCA § 7.67. *Hr'g* at 10:15:06 AM.

## IV. CONCLUSION

The court hereby **GRANTS** Defendant's **MOTION TO DISMISS** finding that the interest of justice has been served in this matter due to Defendant's four month long detainment where Defendant's liberties were restricted and in light of Defendant's uncontested mental health and, finally, that no restitution is being sought by the victim in this case.

**SO ORDERED** this _____ , **DEC 2 2 2020** _____.

_____

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM